IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN OSCAR FUENTES,

       Plaintiff,

v.                                                           No. CIV-07-0714 RB/KBM

MAYOR MARTIN CHAVEZ,
CITY OF ALBUQUERQUE, N.M. POLICE DEPARTMENT
FIELD SERVICE BUREAU IMPACT TEAM,
BERNALILLO COUNTY OFFICER ARTURO SANCHEZ,
DET. B. LAMPIRIS, A. GARCIA, D. CHAPMAN (ADA),
LIAISON OFFICER ROMERO, H. ROGERS, C. SAYLOR,
OFC. OLIVARES, M. ELRICK, OTHERS UNKNOWN
BUT WILL BECOME KNOWN AT TIME OF DISCOVERY,

       Defendants.

MEMORANDUM OPINION AND ORDER TO CURE DEFECTS

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment under § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff will be required to file an amended complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff names a large number of Defendants and asserts three claims for multiple constitutional violations.  In sum, Plaintiff asserts that he has been denied the "usual protections that courts give defendants in the criminal Justice system."  The Court notes that Plaintiff has filed a complaint in another case, *Fuentes v. Chavez, et al.*, No. CV 07-0748 RB/RLP, with claims related to those asserted here.  For relief, Plaintiff seeks damages and equitable relief.

The complaint contains only conclusory assertions of constitutional violations with no supporting factual allegations.  Plaintiff's only allegation is that Defendants "neglect[ed] . . . all evidence," which apparently amounted to, or resulted in, cruel and unusual punishment, excessive force, slander, and deliberate indifference.  The alleged denial of constitutional protections in a state criminal proceeding forms the basis of Plaintiff's subsequent complaint in cause No. CV 07-0748 RB/RLP. It is possible that the later complaint was intended as an amendment or supplement in this action.  Because the instant complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic*, --- U.S. at ---, 127 S. Ct. at 1974, the Court will allow Plaintiff to amend his complaint, *see Hall*, 935 F.2d at 1110.  Failure to comply with this Order may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED and the initial partial payment is WAIVED; Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this Order, Plaintiff may file an amended complaint;

IT IS FURTHER ORDERED that the Clerk is directed to mail to Plaintiff, with a copy of this Order, a form complaint under 42 U.S.C. § 1983 and two copies of the post-filing Financial Certificate.

_____
UNITED STATES MAGISTRATE JUDGE